IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                    PLAINTIFF

v.                                    Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE
WALKER; CORPORAL GOLDEN ADAMS;
DR. KEVIN MCCAIN; SHERIFF JACKIE
RUNION; and SGT. JOHN DOE                                        DEFENDANTS

## ORDER

Randall Morris, currently an inmate of the Miller County Detention Center, filed this 42 U.S.C. § 1983 action *pro se* on November 18, 2020.  (ECF No. 1).  Plaintiff's application to proceed *in forma pauperis* was granted that same day.  (ECF No. 3).  In response to this Court's order, Plaintiff filed an Amended Complaint on December 17, 2020.  (ECF No. 9).  On January 25, 2021, Plaintiff filed a Supplement to the Amended Complaint.  (ECF No. 13).

Before the Court is Plaintiff's "Motion to Join".  (ECF No. 17).  The Court has determined no response is necessary from Defendants to rule the on instant motion and therefore the issue is ripe for consideration.

In his Motion Plaintiff seeks to add the following claims to his Amended Complaint: "Denial of Newspaper, Prolonged Exposure to a Mentally Ill Inmate, Deliberate and Reckless Indifference to an Imminent Threat of Future Harm, Deliberate Deprivation of outside yardtime/exercise, Retaliation (regarding housing with a mentally ill inmate)…".  (ECF No. 17). He goes on to state, "I would like to join these claims with 2 other cases that bring similar claims…Choate v. Runion, 4:20-cv-04109- SOH-BAB 12/22/20 [and] Mitchell v. Walker, 4:20-cv-04111-SOH-BAB 12/22/20".  *Id.*

First, Plaintiff may not "bootstrap" his claims with those in other cases.  The Court will not

1

incorporate allegations made by other inmates into Plaintiff's Amended Complaint.  As interpreted by relevant case law, the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis.  See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).  Second, Plaintiff has not adequately described the claims he is attempting to add to his Amended Complaint, and he has not identified any Defendants as being responsible for the alleged claims.  If Plaintiff desires to add these new claims to the instant lawsuit, he must submit a Second Amended Complaint as directed below.

Accordingly, Plaintiff's "Motion to Join" (ECF No. 17) is **DENIED**.

**Plaintiff is directed to submit a Second Amended Complaint by March 1, 2021.  The Clerk is directed to mail Plaintiff a court-approved 1983 form.**  In the Second Amended Complaint, Plaintiff must write short, plain statements telling the Court:  the constitutional right the Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury the Plaintiff suffered because of the misconduct of that Defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed.R.Civ.P.8.  Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered.  If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is a Second Amended Complaint.  The Second Amended Complaint must be retyped or rewritten in its entirely on the court-approved form.  Plaintiff may not refer back to any part of the original or First Amended Complaint or Supplement.  A Second Amended Complaint supersedes, or takes the place of, the

First Amended Complaint and Supplement.  After amendment, the Court will treat the First Amended Complaint and Supplement as nonexistent.  Any cause of action that was raised in the original First Amended Complaint or Supplement is waived if it is not raised in the Second Amended Complaint.  **This case shall be subject to dismissal if Plaintiff fails to return the Second Amended Complaint by the Court's imposed deadline of March 1, 2021.**

**DATED this 8th day of February 2021**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE