IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                          PLAINTIFF

v.                                       Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE
WALKER; CORPORAL GOLDEN ADAMS;
DR. KEVIN MCCAIN; SHERIFF JACKIE
RUNION; SGT. JOHN DOE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                              DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion to Supplement his Second Amended Complaint. (ECF No. 33).  The Court has determined no response is necessary from any Defendant to rule on the motion.

In response to the Court's order, Plaintiff filed a Second Amended Complaint on February 24, 2021 asserting fifteen (15) claims against eight individuals.  (ECF No. 21).  In the instant motion, Plaintiff seeks to add the Miller County Detention Center, Miller County Arkansas, and the State of Arkansas as Defendants in connection with two of his claims.  Plaintiff states in part:

> …Regarding Claim #5: Malicious Violation of the Americans with Disabilities Act and Claim #6: Malicious Violation of the Rehabilitation Act, I am hereby, requesting to add the Miller County Detention Center, Miller County Arkansas, and the State of Arkansas ad defendants under Title II of the ADA 'public entity' context…
>
> …I want to remind the Court that my Claim #5 and #6 allege retaliatory abuse and discrimination involving my bonafide disabilities and program accessibility and as city and county government are not protected by the Eleventh Amendment there is no impediment to sue them by name for damages under the disability statutes…

(ECF No. 33).  Plaintiff's motion to supplement must be denied because he has not described how the Miller County Detention Center, Miller County Arkansas, or the State of Arkansas were involved in allegedly violating his rights under Claims 5 and 6 of the Second Amended Complaint.

If Plaintiff desires to supplement his Second Amended Complaint and add these entities as Defendants, he must submit a proposed supplement or amendment which contains short, plain statements telling the Court:  the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant.  Fed.R.Civ.P.8.  Plaintiff must repeat this process for each person he names as a Defendant.  Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered.  If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

Accordingly, Plaintiff's Motion to Supplement the Second Amended Complaint (ECF No. 33) is **DENIED**.

**IT IS SO ORDERED** this 12th day of March, 2021.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE