IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                     PLAINTIFF

v.                                          Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE
WALKER; CORPORAL GOLDEN ADAMS;
DR. KEVIN MCCAIN; SHERIFF JACKIE
RUNION; SGT. JOHN DOE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Dr. Kevin McCann.[1] (ECF Nos. 23). Plaintiff has filed a Response to the motion. (ECF No. 32). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Randall Morris, currently an inmate of the Miller County Detention Center ("MCDC"), filed this 42 U.S.C. § 1983 action *pro se* on November 18, 2020. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on December 17, 2020. (ECF No. 9). In response to a second order of the Court Plaintiff filed a Second Amended Complaint on February 24, 2021. (ECF No. 21). Plaintiff sets forth seventeen (17) claims. Defendant McCann is only mentioned in Claim Four. *Id.* at p. 13. Plaintiff identifies Defendant McCann as a doctor who is employed by the MCDC. *Id.* at p. 3.

---

[1] Defendant McCann is referred to as Dr. Kevin McCain in the case caption.

Plaintiff describes Claim Four as "Failure to Protect or Intervene". (ECF No. 21, p. 13). Specifically, Plaintiff states:

> In front of Dr. McCain [McCann] and 2 MCDC guards, Nurse Steven King brow beat and verbally assaulted me during a doctor appointment on 10/15.  The doctor also witnessed King attempt to sabotage my medical request for accommodation of my disability, deny me medical care (blood pressure blood sugar and weight check), falsely accuse me of disrespect, verbally assault me and order that I be wrongly punished with a disciplinary after stating, "Now, you can go and write that up' (referring to my previous grievances against King).  At no time did Dr. McCann intervene to protect me during or after this event...

*Id.* at p. 13.  Plaintiff also sues Defendant McCann in his official capacity in Claim Four.  He states:

> MCDC policy is to punish immediately and then sort it out days later at a disciplinary hearing which violates my fourteenth Amendment.  All MCDC inmates that are accused of infractions are moved to disciplinary lock down and stripped of privileges at the time of the accusation and without any review of the evidence.  A simple review of the video/audio would have exonerated me before I was punished and an intervention by Dr. McCann who witnessed it would have prevented the abuse…

*Id.*

On February 25, 2021, Defendant McCann filed the instant Motion to Dismiss.  (ECF No. 23).  He argues Plaintiff failed to allege any facts to support any individual claims against him because he had no duty to intervene on Plaintiff's behalf.  In addition, Defendant McCann states Plaintiff failed to allege any facts to support a 1983 claim against him in his official capacity.

On March 8, 2021, Plaintiff filed a Response arguing in part:  1) Defendant McCann "did witness King repeatedly interrupt the doctor appointment, continuously assault me verbally, falsely accuse me of disrespect, wrongfully order me written up…witnessed King maliciously strip me of my VA disability documents…"; 2) "prison officials have a duty to intervene and prevent cruel and unusual punishment prohibited by the Eight Amendment from occurring or continuing"; 3) Defendant McCann was "personally involved and because MCDC and Southern Health Partners,

2

Inc., have a custom/policy that the medical staff are practically deputized with charging, policing, seizure and disciplinary powers…"; and 4) "Dr. Kevin McCann was fully present and he was the most senior and highest ranking official/state actor in the infirmary when Head Nurse Steven King maliciously violated my constitutional rights". (ECF No. 32).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

### A. Plaintiff's Individual Capacity Claim

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted). In addition, a claim of deprivation of a constitutional right cannot be based solely on a *respondeat superior* theory of liability. *See Monell v. Department of*

*Soc. Servs.*, 436 U.S. 654, 694 (1978).  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone Cnty Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted).

However, a prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  To prevail on a failure to protect claim, a plaintiff must satisfy a two-prong test.  He must demonstrate: (1) that he was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that prison officials were "deliberately indifferent [to his] health or safety."  *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted).  The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right.  *Id.*  The second, however, is subjective requiring a showing that the defendant "both knew of and disregarded 'an excessive risk to inmate's health or safety.'"  *Id. (quoting Farmers,* 511 U.S. at 837).

As previously stated, Plaintiff alleges Defendant McCann failed to protect or intervene when Defendant King "brow beat and verbally assaulted me…*attempt[ed]* to sabotage my medical request for accommodation of my disability, deny me medical care (blood pressure, blood sugar and weight check), falsely accuse me of disrespect, verbally assault me and order that I be wrongly punished with a disciplinary…." (ECF No. 21, p. 13). Construing Plaintiff's factual allegations liberally and accepting them as true, the Court finds Plaintiff has stated a claim for failure to protect

4

him against alleged violations of his constitutional rights by Defendant King.[2]  Accordingly, I recommend Defendant McCann's motion to dismiss Plaintiff's failure to protect claim set forth in Claim 4 of the Amended Complaint be denied.

### B. Plaintiff's Official Capacity Claim

Plaintiff also sues Defendant McCann in his official capacity.  Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities.  *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998).  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  As previously stated, Plaintiff has identified Defendant McCann as being employed by the MCDC.  Defendant McCann does not identify who he works for nor does he dispute Plaintiff's allegation that he is employed by the MCDC.  Therefore, Plaintiff's official capacity claim set forth in Claim 4 of the Second Amended Complaint is against Miller County.

Here Plaintiff alleges the MCDC/Miller County has a policy in place which immediately punishes and moves inmates to disciplinary lockdown and strips inmates of privileges without a timely review of the evidence against the inmate.  Plaintiff goes on to allege this policy "violates my fourteenth amendment".  (ECF No. 21, p. 13).  The Court finds Plaintiff has stated facts to support an official capacity claim against Miller County.  Accordingly, I recommend Defendant McCann's motion to dismiss Plaintiff's official capacity Claim set forth in Claim 4 of the Second Amended Complaint be denied.

---

[2] The Court is not making any judgment on whether Defendant King's actions constitute a violation of Plaintiff's constitutional rights.  In addition, the Court notes while there is case law holding "outside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional for purposes of qualified immunity" – *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012) –, Defendant McCann is not claiming he is entitled to qualified immunity in the instant motion.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendant McCann's Motion to Dismiss (ECF No. 23) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE