IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                    PLAINTIFF

v.                                            Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE
WALKER; CORPORAL GOLDEN ADAMS;
DR. KEVIN MCCAIN; SHERIFF JACKIE
RUNION; SGT. JOHN DOE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                          DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion for Certification of Class. (ECF No. 37). The Court has determined no response is necessary from Defendants to rule the on instant motion and therefore the issue is ripe for consideration.

Plaintiff, Randall Morris, filed this *pro se* civil rights pursuant to 42 U.S.C. § 1983 on November 18, 2020. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). On December 17, 2020, in response to this Court's order Plaintiff filed an Amended Complaint. (ECF No. 9). After realizing Plaintiff was attempting to assert his claims and those of other inmates in his Amended Complaint, the Court ordered Plaintiff to file a Second Amended Complaint asserting only his claims.[1] (ECF No. 18).

In the instant Motion, Plaintiff states he "wish to plead a class action and to request the Court to appoint counsel seeing as a Pro Se litigants are generally not permitted to represent classes." (ECF No. 37, p. 1). He goes on to state "…It is my contention that …Claim #8, #16 and #17 pertain to All MCDC inmates that were incarcerated from 3/11/20 to 3/6/21 or at any time or times in between as these inmates were subjected to the extreme reckless and deliberate disregards

---

[1] On February 8, 2021, the Court also denied Plaintiff's Motion to Join (ECF No. 17) which sought to add additional claims and "join" his claims with other cases filed by inmates. (ECF No. 18).

detailed in Claim #8, #16 and #17…". *Id.* Plaintiff identifies several other lawsuits filed by inmates incarcerated in the Miller County Detention Center who are asserting similar claims. He goes on to state, "I would like to remind the Court that the granting of Class Action and counsel would achieve judicial economy and will allow the Court to avoid multiple concurrent actions…" *Id.* at p. 4.

Under Federal Rule of Civil Procedure 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In particular, because of the requirement under Rule 23(a)(4) that a class have adequate representation, courts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action. *See, e.g.*, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Perkins v. Holder*, Case No. CIV. 13-2874 PAM/FLN, 2014 WL 755378, at *5 (D. Minn. Feb. 26, 2014), *aff'd* (Dec. 9, 2014) ("[P]*ro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)).

To provide adequate class representation, Federal Rule of Procedure 23(g) requires, among other considerations, that the class counsel appointed have experience in handling class actions and other complex litigation. Because Plaintiff is not a licensed attorney, he cannot satisfy the requirements of either Rule 23(a) or Rule 23(g). He can, therefore, only bring the claims in his individual capacity and not on behalf of a class.

Here Plaintiff asks the Court to appoint counsel in his case so the case can proceed as a class action. Plaintiff previously filed a motion to appoint counsel on February 8, 2021. (ECF No. 19). That same day the Court denied Plaintiff's motion. (ECF No. 20). For the same reasons set forth in the Court's previous order, Plaintiff's request for counsel is again denied. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion. 28 U.S.C. 1915 (e)(1). The Court has once again considered the need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff can investigate and present this case. In considering these factors, the Court finds the claims do not appear legally or factually complex, and Plaintiff is adequately prosecuting his case at this time.

Finally, as interpreted by relevant case law, the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis*. *See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). Accordingly, Plaintiff's Motion for Certification of Class (ECF No. 37) is **DENIED.**

**Plaintiff is warned if he continues to file frivolous motions the Court will require him to obtain permission of the Court before filing any additional pleadings.**

**DATED this 23th day of March 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE