IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                      PLAINTIFF

v.                                 Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JOHN DOE; SERGEANT
RICHARD HENDERSON; CPL A. ELLIS; and JOHN DOE –
MILLER COUNTY DETENTION CENTER MEDICAL
DIRECTOR                                                            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 44). Defendants have filed a Response in opposition to the motion. (ECF No. 53). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff filed the instant motion on March 26, 2021 seeking injunctive relief requiring the Miller County Detention Center to address various conditions of confinement relating to protection from the Covid 19 virus. (ECF No. 44, pp. 1-5). On March 30, 2021, Plaintiff filed a Notice of Address Change indicating he had been transferred from the Miller County Detention Center to the Saline County Detention Center. (ECF No. 47).

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested

1

parties; and (4) whether the issuance of an injunction is in the public interest.   *Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997);  *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).  The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

It is not necessary to address the preliminary injunction factors at this time, because Plaintiff's request for injunctive relief were mooted by his transfer from the Miller County Detention Center to the Saline County Detention Center. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought against moots the request for injunctive relief). *See also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions moot once the inmate was transferred and no longer subject to those conditions).  Therefore, Plaintiff's request for injunctive relief is moot.

Accordingly, I recommend Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 44) be **DENIED as moot**.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 16th day of April 2021.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE