IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                          PLAINTIFF

v.                                               Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JOHN DOE; SERGEANT
RICHARD HENDERSON; CPL A. ELLIS; and JOHN DOE –
MILLER COUNTY DETENTION CENTER MEDICAL
DIRECTOR                                                                                              DEFENDANTS

## ORDER

Plaintiff, Randall Morris, filed this 28 U.S.C. § 1983 action *pro se* on November 18, 2020. (ECF No. 1). Before the Court is Plaintiff's "Motion to Subpoena duces tecum". (ECF No. 66). Defendants have not responded, and the Court finds a response is not necessary to rule on the motion. Plaintiff's motion seeks various document from the Social Security Administration, the U.S. Marshall Service, and the Arkansas Department of Health.

From the Social Security Administration Plaintiff is seeking "a summary of medical disabilities for Randall Morris SSN: XXX-XX-XXXX." (ECF No. 66, p. 1). Plaintiff asks the Court to subpoena the following documents from the U.S. Marshall Service:

- Copies of all complaints received by the US Marshalls from federal defense attorney Matthew Hill, regarding the treatment of Randall Morris @ the Miller County Detention Center
- Summaries of all actions taken by the U.S. Marshalls Service in response to any or all complaints from attorney Matthew Hill
- The specific reasons given to the U.S. Marshalls Service by the Miller County Detention Center for the transfer of Randall Morris on 3/24/21 from the Miller County detention Center to the Saline County Detention Center
- Any adverse information, i.e., disciplinary or behavioral, etc. provided to the U.S. Marshalls service by the Miller County Detention Center regarding Randall Morris

*Id.* Finally, Plaintiff asks the Court to subpoena the following documents from the Arkansas Department of Health:

- All required or recommended Covid-19 reporting that Arkansas jails were to follow between 3/12/20 and 3/24/21 to include all revisions and the dates of all revisions. Specifically, I need to know if Covid-19 infections of staff and inmates were required to be reported to the AR Dept. of Health when they were required or recommended to be reported and what the jails were required or recommended to do once infections were discovered.
- The full list of all AR Dept. of Health recommended chemicals and disinfectants to be used in AR jails on commercial surfaces, personal spaces and mop water to help control the spread of Covid-19.
- The frequency of cleaning/sanitation of commercial and living spaces within AR jails as required or recommended by the AR Dept. of Health.
- I am asking that the AR Dept of Health clearly annotate whether each of the above is required or recommended in their response.
- All dates that the Miller County Detention Center reported Covid-19 infections of staff and/or inmates to include the number of infections reported for both staff and inmates to the AR Dept. of Health.

*Id.* at p. 2.

Pursuant to Federal Rule of Civil Procedure 45(d)(1) it is the Court's duty to ensure that any party requesting a subpoena has taken reasonable steps to avoid imposing undue burden or expense on the subpoena recipient. Further, Rule 26 defines the scope of all discovery, including subpoenas. Under Rule 26, any discovery sought must be relevant to a party's claim or defense. Fed. R. Civ. Pro. 26(b)(1). The District Court has discretion to ensure that any discovery sought in a subpoena is relevant or reasonably calculated to lead to admissible evidence. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003). "Some threshold showing of relevance must be made" in order to prevent fishing expeditions in discovery. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992). Finally, a subpoena to a nonparty is unduly burdensome if the same information is available but not first sought from party defendants. *In re Cantrell v. U.S. Bioservices Corp.*, 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D.

Mo. Apr. 21, 2009) (citing *Haworth Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993).

Plaintiff has failed to show he has made any attempt to obtain the requested information from his defense attorney – Matthew Hill – or the Defendants.  He has also failed to show how the requested information is relevant to his claims.  Plaintiff is advised to use the discovery process to request the information from Defendants prior to asking the Court to issue a subpoena for the records.

Accordingly, Plaintiff's "Motion to Subpoena duces tecum" (ECF No. 66) is **DENIED.**

**IT IS SO ORDERED this 13th day of May 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE