IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                            PLAINTIFF

v.                                         Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JOHN DOE; SERGEANT
RICHARD HENDERSON; CPL A. ELLIS; and JOHN DOE –
MILLER COUNTY DETENTION CENTER MEDICAL
DIRECTOR                                                                                                    DEFENDANTS

# ORDER

Plaintiff, Randall Morris, filed this 28 U.S.C. § 1983 action *pro se* on November 18, 2020. (ECF No. 1). Before the Court is Plaintiff's "Motion for Subpoena duces tecum (second)". (ECF No. 72). Defendants have not responded, and the Court finds a response is not necessary to rule on the motion. Plaintiff's motion seeks various document from the Arkansas Jail Standards and Department of Veteran Affairs.

From the Arkansas Jail Standards Plaintiff is seeking "The jail/detention center standards for Arkansas Facilities regarding the following specific areas:"

- Inmate exercise and exercise spaces to include frequency and duration required or recommended per month.
- Emergency "panic" or "duress" buttons/intercoms within lockdown cells, i.e., 23/1 Administrative segregation, disciplinary segregation, protective custody and quarantine/isolation cells.
- The frequency that Arkansas jail staff are required or recommended to provide sanitation for inmate living and communal spaces to include all Covid-19 sanitation/mitigation contingency protocols. This information should also include any specific chemicals or disinfectants that are recommended or required.
- The frequency that jail staff are required or recommended to perform/"welfare" checks on inmates locked down in cells described above.
- All Covid-19 infection reporting requirements or recommendations for Arkansas jails from March 27, 2020 until June 30, 2020. Specifically what was an Arkansas jail required or

- recommended to report, to whom was it to be reported (i.e., Dept of Health) and when was it required or recommended to report discoveries of Covid-19 infections in inmates and jail staff. Please specify whether the reporting was required or recommended and by whom.
- The results of any and all inspections of the Miller County Detention Center, 2300 East St., Texarkana AR 71854 from Jan. 1, 2016 through April 1, 2021 to include who inspected the facility.
- Any and all complaints that have been received by Arkansas Jail/Standards concerning the conditions at the Miller County Detention Center, Texarkana AR from Jan. 1, 2016 through April 1, 2021.
- A listing or summary of what the Arkansas Jail Standards does and/or what it is responsible for as well as what it can provide upon inquiry or subpoena.
- If the Arkansas Jail Standards is unable to answer or to provide documents to satisfy this subpoena please provide a list of the questions and/or document along with the correct organization or government agency to where I should re-direct the inquiry.

(ECF No. 72, pp. 1-2). Plaintiff also seeks a subpoena to produce "medical records for Randall Morris SSN xxxxxxxx, possessed by the VA that confirm T-6 paraplegia, hypertension, diabetes and any other ailment that elevates risk to Covid-19. A signed summary of the above medical issues in letter form will suffice in lieu of the whole medical record." *Id.*

Pursuant to Federal Rule of Civil Procedure 45(d)(1) it is the Court's duty to ensure that any party requesting a subpoena has taken reasonable steps to avoid imposing undue burden or expense on the subpoena recipient. Further, Rule 26 defines the scope of all discovery, including subpoenas. Under Rule 26, any discovery sought must be relevant to a party's claim or defense. Fed. R. Civ. Pro. 26(b)(1). The District Court has discretion to ensure that any discovery sought in a subpoena is relevant or reasonably calculated to lead to admissible evidence. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003). "Some threshold showing of relevance must be made" in order to prevent fishing expeditions in discovery. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992). Finally, a subpoena to a nonparty is unduly burdensome if the same information is available but not first sought from party defendants. *In re*

2

*Cantrell v. U.S. Bioservices Corp.*, 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (citing *Haworth Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993).

Plaintiff has failed to show he has made any attempt to obtain the requested information from the Defendants. He has also failed to show how all of the requested information is relevant to his claims. Plaintiff is again advised to use the discovery process to request the information from Defendants prior to asking the Court to issue a subpoena for records from third parties.[1]

Accordingly, Plaintiff's "Motion for Subpoena duces tecum (second)" (ECF No. 72) is **DENIED.**

**IT IS SO ORDERED this 21st day of May 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] On May 13, 2021, the Court denied Plaintiff's motion to subpoena documents from the Social Security Administration, the U.S. Marshal Service, and the Arkansas Department of Health. (ECF No. 70)