IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                           PLAINTIFF

v.                                         Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE
WALKER; CAPTAIN GOLDEN ADAMS;
DR. KEVIN MCCAIN; SHERIFF JACKIE
RUNION; SGT. JOHN DOE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                            DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Randall Morris pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Motion to Subpoena duces tecum" from the following five nonparties – Social Security Administration, U.S. Marshals Service, Arkansas Department of Health, "Arkansas Jail Standards", and Department of Veterans Affairs. (ECF No. 88).[1]

### I.    BACKGROUND

Plaintiff is currently incarcerated in the Saline County Detention Center. His claims in this action arise from alleged incidents which occurred while he was incarcerated in the Miller County Detention Center. Plaintiff filed his original Complaint on November 18, 2020.[2] (ECF No. 1). On December 17, 2020, in response to this Court's order, Plaintiff filed an Amended Complaint to clarify his claims. (ECF No. 9). On January 25, 2021, Plaintiff filed a Supplement to the Amended Complaint adding what appeared to be claims for retaliation and denial of medical care against two additional Defendants. (ECF No. 13).

---

[1] The Court previously denied two motions seeking documents from these entities finding Plaintiff failed to demonstrate he had made any attempt to obtain the information from the Defendants or third parties and failed to demonstrate how the information requested was relevant to his claims. (ECF Nos. 70, 74).

[2] The original Complaint consisted of eighty-five (85) pages which was confusing, included unnecessary and irrelevant information and was, for the most part incomprehensible.

On February 24, 2021, in response to an order of the Court, Plaintiff filed a Second Amended Complaint which consists of thirty-eight (38) pages asserting seventeen (17) claims against eight (8) Defendants.  (ECF No. 21).  Plaintiff labels his claims as follows: (1) False Allegation with Malicious Intent to Harm/Retaliation; (2) Malicious Denial of Medical Care as a Retaliatory and Punitive Measure; (3) Malicious Hinderance to Mental Health Care as a Retaliatory and Punitive Measure; (4) Failure to Protect or Intervene; (5) Malicious Violation of the Americans with Disabilities Act; (6) Malicious Violation of the Rehabilitation Act; (7) Deliberate Deprivation of Outside "yard time" Exercise; (8) Deliberate and Reckless Disregard to an Imminent Threat and Future Harm; (9) Hindered Access to Medical Requests (sick call); (10) Retaliation; (11) Denial of Mail; (12) Failure to Provide Medical Care; (13) Denial of Newspapers; (14) Prolonged Exposure to Extreme Behavior of Severely Mentally Ill Inmates; (15) Retaliation; (16) Failure to Protect; and (17) Failure to Train and Supervise.  *Id.*

On April 22, 2021, Plaintiff filed a Motion to Supplement his Second Amended Complaint adding "Claim #18: Retaliatory Seizure of Legal Documents…[and] Claim #19 Retaliatory Transfer.  (ECF No. 61).  The Court granted this motion on April 26, 2021 (ECF No. 62) and the Clerk filed Plaintiff's Supplement to Second Amended Complaint.  (ECF No. 63).

## II.  APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i)     The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)    The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii)   The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

Pursuant to Federal Rule of Civil Procedure 45(d)(1) it is the Court's duty to ensure that any party requesting a subpoena has taken reasonable steps to avoid imposing undue burden or expense on the subpoena recipient. The District Court has discretion to ensure that any discovery sought in a subpoena is relevant or reasonably calculated to lead to admissible evidence. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003). "Some threshold showing of relevance must be made" to prevent fishing expeditions in discovery. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992). Finally, a subpoena to a nonparty is unduly burdensome if the same information is available but not first sought from party defendants. *In re Cantrell v. U.S. Bioservices Corp.*, 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (citing *Haworth Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993).

### III.     DISCUSSION

In the instant motion, Plaintiff does not specifically identify the documents or information he is seeking from the Social Security Administration, U.S. Marshals Service, Arkansas Department of Health, "Arkansas Jail Standards", or the Department of Veterans Affairs. Instead,

he refers the Court to approximately twenty-nine (29) pages of attachments including: 1) various discovery requests he submitted to Defendants and their responses; 2) his previous motions for "Supoena deces tecum"; 3) and what he entitles "Answer to Denial of Plaintiff's 'Motion to Subpoena decues tecum (ECF No. 66)'" in which he states he has requested information from the various third parties and has not received any response.

First, it is not the Court's responsibility to read through twenty-nine (29) pages to find the documents Plaintiff is seeking to obtain. Moreover, Plaintiff has not given any description of how the documents he is requesting are relevant to his claims.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion to Subpoena duces tecum (ECF No. 88) is **DENIED.**

**IT IS SO ORDERED this 21st day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE