IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                    PLAINTIFF

v.                                       Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE;
SERGEANT RICHARD HENDERSON and; CPL A. ELLIS                       DEFENDANTS

## ORDER

Plaintiff, Randall Morris, filed this 28 U.S.C. § 1983 action *pro se* on November 18, 2020. (ECF No. 1). On September 13, 2020, the Court received the attached pleading from Plaintiff entitled "Motion to Reconsider Subpoena duces tecum (three) [ECF No. 95]". The Court is unable to determine what Plaintiff is requesting. Although the document is entitled a motion to reconsider, Plaintiff appears to be asking the Court to consider another request for a subpoena of documents from the U.S. Marshall Service.

Accordingly, Plaintiff is ordered to notify the Court and clarify exactly what he is asking the Court to do in the attached pleading by September 30, 2021. In the event Plaintiff does not timely comply with this order, the attached pleading will be returned to him without being docketed.

**IT IS SO ORDERED this 13th day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

9/3/21

FROM: Randall Morris
Saline County Detention
735 S. Neeley St
Benton, AR 72015

Ref: <u>Morris v. King et al.</u>, 4:20-cv-04101

<u>Motion to Reconsider Subpoena duces tecum (three) [ECF No. 95]</u>

1. Plaintiff requests the court to reconsider one aspect of the partial denial to subpoena documents from:

> U.S. Marshals Service
> Isaac C. Parker Federal Bldg.
> 30 S. 6th St. Rm 243
> Ft. Smith, AR 72901

2. The requested documents are not in the possession of the defendants so they are not something that the defendants can produce.

3. The requested documents pertain to an allegation of a fabricated disciplinary hearing finding that defendants <u>would have</u> provided to the U.S. Marshals Service through Plaintiff's inmate file sometime between 10/21/20 and 3/24/21 <u>if</u> Plaintiff had been found "guilty" at a 10/21/20 disciplinary hearing.

4. Plaintiff was not found guilty on 10/21/20 and never received any documentation stating otherwise until defendants produced documents through discovery on 6/2/21 stating that Plaintiff had been found guilty.

5. The discovery documents contain numerous signs of fabrication.

6. Plaintiff's allegation that these documents were fabricated will be further supported if the U.S. Marshals Service responds that they <u>did not receive</u> said documents by 3/24/20 when Plaintiff was transferred out of MCDC or that they did so after the defendants were served

→ Randall Morris  after they were served with
plaintiff's 1983 suit.

Page 1 of 1

9/3/21

FROM: Randall Morris
Saline County Detention Center
735 S. Neeley St
Benton, AR 72015

Ref: <u>Morris v. King et al.</u>, 4:20-cv-04101

Brief in Support of Motion to Reconsider Subpoena duces tecum (three) [ECF No. 95]

1. Plaintiff requests the Court to reconsider <u>one aspect</u> of the partial denial of plaintiff's request to subpoena documents [ECF No. 95] from:

> U.S. Marshals Service
> Isaac C. Parker Federal Bldg.
> 30 S. 6th St., RM 243
> Ft. Smith, AR 72901

2. The specific request that plaintiff asks the court to reconsider is:
"C. Documentation of any and all adverse information, i.e. disciplinary or behavioral, etc. provided to the USMS by MCDC regarding Randall Morris. This request includes any emails from MCDC."

3. In denying the request the Court wrote, "... the court finds the remaining requests seek information, if it exists, which should be in possession of the MCDC."

4. Plaintiff now wishes to refine and narrow this request after which plaintiff will explain why MCDC cannot provide this documentation and why it is critical and relevant that plaintiff be allowed to request it from the USMS.

Page 1 of 3

5. Plaintiff now restates the request as:

"Any and all documentation that was provided to the USMS by the MCDC pertaining to a disciplinary hearing for Randall Morris held on 10/21/20. This request includes any MCDC emails to the USMS as well as any documentation concerning this hearing and its outcome that had been put into any file that was transferred to or accessible by the USMC. This request also asks for the date that this documentation was entered or made available to the USMS."

6. In claim #1 of this civil suit, plaintiff alleges that a nurse falsely accused plaintiff of "disrespect" out of retaliation for grievances that plaintiff had filed against the nurse which resulted in plaintiff being moved to a Covid-19 quarantine pod containing violent inmates.

7. A disciplinary hearing was held on 10/21/20 in which no evidence was presented against plaintiff and plaintiff was led to believe that he had prevailed against the charge.

8. Plaintiff was never given any documents by MCDC indicating that plaintiff had been found "guilty" at the 10/21/20 disciplinary hearing and was subsequently transferred out of MCDC on 3/24/21.

9. On 6/2/21, the defendants provided plaintiff discovery documents that state that plaintiff had been found "guilty" at the 10/21/20 disciplinary hearing.

10. Plaintiff contends that he had never seen these documents before and that the documents display multiple and blatant signs of fabrication that plaintiff can easily prove with evidence that plaintiff possesses which include specific Admissions by defendants.

11. Plaintiff's allegation that these documents were fabricated to serve the defendants' interest well after plaintiff had filed this § 1983 suit and possibly after plaintiff was transferred out of MCDC will be further supported if:

(A) The USMS responds that MCDC did not provide the USMS with any information concerning Plaintiff having been found guilty of a disciplinary infraction on 10/21/20

(B) Or, if MCDC had provided or entered such information into the file after the defendants were served with plaintiff's § 1983 suit on 1/14/21.

12. As the defendants have already provided plaintiff with the "guilty" finding, there is nothing further that plaintiff can request from the defendants and plaintiff now relies soley on the USMS to respond with what they either did or did not receive from MCDC (and when they received it) to prove malicious conduct by the defendants.

For the foregoing reasons, plaintiff now asks the court to reconsider and to grant this request for documents from USMS.

Randall Morris

Randall Morris
Saline County Det Ctr.
735 S. Neeley St.
Benton, AR 72015

71854-595102

LITTLE ROCK AR 720
8 SEP 2021 PM 3 L

U.S District Court
500 N. State Line Ave
Texarkana, AR 71854

FOREVER / USA

Legal Mail