IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                    PLAINTIFF

v.                                              Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE;
SERGEANT RICHARD HENDERSON and; CPL A. ELLIS                        DEFENDANTS

## ORDER

Plaintiff, Randall Morris, filed this 28 U.S.C. § 1983 action *pro se* on November 18, 2020. (ECF No. 1). On September 13, 2020, the Court received a pleading from Plaintiff entitled "Motion to Reconsider Subpoena duces tecum (three) [ECF No. 95]". The Court was unable to determine what Plaintiff was requesting (i.e. whether to reconsider a previous Court order which issued a subpoena to the Unites States Marshall Service ("USMS") or issue another subpoena for various information). Consequently, the Court entered an order directing Plaintiff to clarify exactly what he was asking the Court to do. (ECF No. 119). The order also informed Plaintiff that failure to comply with the order would result in the Court returning the pleading to him without being docketed. *Id.*

On September 21, 2021, Plaintiff filed a Response to the Court's order for clarification. (ECF No. 124). Plaintiff states in part:

> Plaintiff is unsure what more can be clarified as plaintiff did file a detailed Brief in Support of the motion that specifically stated that plaintiff asks that one aspect of the denied motion be reconsidered…C. Documentation of any and all adverse information, i.e. disciplinary or behavioral, etc. provided to the USMS by MCDC regarding Randall Morris. This request includes any emails from MCDC.
>
> Plaintiff then stated that the original request should be narrowed to: Any and all documentation that was provided to the USMS by MCDC pertaining to a

1

> disciplinary hearing for Randall Morris held on 10/21/20.  This request includes any MCDC emails to the USMS as well as any documentation concerning this disciplinary hearing and its outcome that had been put into any file that was transferred to or accessible by the USMC.  This request also asks for the date that this documentation was entered or made available to the USMS…
>
> I have now allowed 3 inmates of varying levels of education to read my original Brief in Support of Reconsideration of Subpoena duces tecum (three) as well as this response to the Court order to clarify and after a pop quiz all three have demonstrated that <u>both</u> original Request to Reconsider as well as the instant response to the order to clarify are understandable…
>
> If the Court is still unclear as to this request, I respectfully request a Spears Hearing in order to articulate the issues and justification more naturally.

*Id.* at pp. 1-3.

Instead of clarifying his request as he was ordered to do, Plaintiff filed a Response that wholly failed to answer the question posed by the Order.  Accordingly, the Clerk is **DIRECTED** to return the original of the document attached to (ECF No. 119) to Plaintiff without docketing the pleading.  The Court also finds it prudent to schedule a status conference (video conference) to refine and limit discovery in this case.[1]  A separate order will be entered scheduling the discovery conference.

The parties are **ORDERED** to file no further pleadings in this matter or engage in any further discovery until such time as the status conference has been held and the Court enters an Order regarding the completion of discovery in this matter.

**IT IS SO ORDERED this 27th day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff currently has two other motions for subpoenas from third parties pending.  (ECF Nos. 121, 122).  The Court has previously granted approximately four of Plaintiff's motions for subpoenas from third parties.  (ECF Nos. 100, 101, 103, and 105 granted in part, denied in part).