IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                    PLAINTIFF

v.                                           Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE;
SERGEANT RICHARD HENDERSON; and CPL A. ELLIS                     DEFENDANTS

## ORDER

Plaintiff, Randall Morris, filed this 28 U.S.C. § 1983 action *pro se* on November 18, 2020. (ECF No. 1). Before the Court is Plaintiff's Motion for Sanctions against the Miller County Defendants – Adams, Walker, Runion, Guthrie, Henderson, and Ellis. (ECF No. 139). Defendants have filed a Response in opposition to the motion. (ECF No. 156). The Court finds this matter ripe for consideration.

### I.   BACKGROUND

In the instant motion Plaintiff asks the Court to "weigh sanctions against Defendants for intentional discovery violations designed to deprive Plaintiff of relevant information that is unfavorable to the defendants and…designed to prevent Plaintiff from exhausting the PLRA administrative remedy requirement which could enable Defendants to prevail at summary judgment regarding Plaintiff's Claim #1: False Allegation with Malicious Intent to Harm/Retaliation." (ECF No. 139, p. 1). Plaintiff asks for monetary sanctions, default judgment, expungement of his disciplinary record, striking of a summary judgment motion, preclusion from using the subject document as an exhibit, striking his deposition testimony, and an adverse sanction regarding fraud. *Id.* at p. 8.

The Miller County Defendants argue Plaintiff's motion is frivolous because there no discovery violation which would subject them to a Rule 37 sanction. (ECF No. 156, p. 2). In addition, they argue there was no intentional conduct, no prejudice to Plaintiff, and no facts to support the relief Plaintiff is requesting, and the document which appears to be the basis of Plaintiff's motion – a Disciplinary Committee Report - was in fact produced to him. *Id.*

## II. APPLICABLE LAW

Federal courts possess certain inherent powers, including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Under Federal Rule of Civil Procedure 37(b)(2)(A), the district court may impose sanctions for discovery violations. In the Eighth Circuit, a court may sanction a party only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). In addition, a sanction for destruction of evidence requires a finding of intentional destruction indicating a desire to suppress the truth, *i.e.*, bad faith. *Rattray v. Woodbury County, Iowa*, 761 F. Supp. 2d 836, 845 (N.D. Iowa 2010) citing *Menz v. New Holland North Am., Inc*, 440 F.3d 1002, 1006 (8th Cir. 2006).

## III. DISCUSSION

The Court finds there are no facts to support the imposition of any sanctions against the Miller County Defendants. The Disciplinary Report which appears to be the basis of Plaintiff's motion for sanctions is identified in Defendants' Response by Bates Label Numbers 073-076. (ECF No. 156-5, pp. 1-4). There are handwritten notes made by Plaintiff all over the document. One notation written in Plaintiff's handwriting reads, "Plaintiff received this document through discovery for the first item on 6/2/21". *Id.* at p. 1. Clearly, Defendants did produce the document

to Plaintiff during discovery and therefore there has been no discovery violation. The question of whether the County Defendants withheld the document after the disciplinary hearing was held – which they deny – before Plaintiff filed this lawsuit does not involve any violation of the discovery rules which would trigger sanctions under Rule 37.

Plaintiff also claims sanctions are warranted because the Miller County Defendants fabricated or altered the Disciplinary Report. Defendants dispute this claim. The credibility of the document can be addressed through arguments and affidavits during the summary judgment phase, or through cross-examination of witnesses if this case proceeds to trial. Plaintiff's allegations that the Disciplinary Report has been fabricated does not support the imposition of any sanctions against the Miller County Defendants.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Sanctions (ECF No. 139) is **DENIED**.

**IT IS SO ORDERED** this **22nd day of December 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE