IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                              PLAINTIFF

v.                                            Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                      DEFENDANTS

**ORDER**

Plaintiff Randall Morris proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court are three motions filed by Plaintiff: 1) Motion to Compel (One) seeking production of video footage from the Miller County Defendants – Adams, Walker, Runion, Guthrie, and Henderson (ECF No. 141); 2) Motion to Amend the Motion to Compel (ECF No. 158); and a second Motion to Amend the Motion to Compel (ECF No. 165). Defendants have filed Responses in opposition to the Motion to Compel and the first Motion to Amend. (ECF Nos. 155, 164). The motions are ripe for consideration.

**I.     BACKGROUND**

On November 5, 2021, Plaintiff filed a Motion to Compel seeking video footage from the Miller County Defendants. (ECF No. 141). He claims these videos are relevant to his claim Defendants had a custom of deliberate indifference towards he and other inmates when they did not properly utilize protective equipment to minimize the transmission and exposure to Covid-19. (ECF No. 141). In addition, Plaintiff seeks video footage relating to another inmate he describes as "mentally ill". Plaintiff claims the Miller County Defendants placed him in a cell next to this inmate causing him to suffer sleep deprivation and other unlawful conditions of confinement. (ECF No. 141, p. 5). In his motion Plaintiff identifies approximately fifty-four (54) requests to Defendants

1

to preserve videos. He is seeking production of close to twenty-seven (27) hours of video footage. *Id.* at pp. 1-33.

The Miller County Defendants filed their Response in Opposition to the motion on November 17, 2021. They argue: 1) the requests for video are overly broad and unduly burdensome; 2) all video footage, except for one, no longer exists and therefore cannot be produced; 3) Defendants did not have a duty to preserve the video footage; 4) there is no evidence of bad faith or intent to deprive Plaintiff of any video footage; and 5) there is no prejudice to Plaintiff. (ECF No. 155).

On November 30 and December 2, 2021, Plaintiff filed what he describes as "Motion[s] to Amend Plaintiff's Motion to Compel Discovery (one) [ECF 141]". (ECF Nos. 158, 165). He begins his motions with the following narrative, "Plaintiff requests to Amend Plaintiff's Motion to Compel…with recently discovered relevant information" (ECF No. 158), and "Plaintiff asks to amend Plaintiff's Motion to Compel Discovery…with additional information and in Response to Defendants' Response [ECF 155]". (ECF No. 165).

On December 2, 2021, Defendants filed a Response in opposition to Plaintiff's motions to amend arguing: 1) the motions are futile – Plaintiff is seeking production of something that does not exist; and 2) the amendment does not raise new issues – it simply reargues the same issues that were previously briefed in full. (ECF No. 164).

## II.     APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

>relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

>On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>(i)     The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>(ii)    The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>(iii)   The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases). In the Eighth Circuit, a court may sanction a party only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. *Keefer v. Provident Life & Accident Ins. Co.,* 238 F.3d 937, 940 (8th Cir. 2000).

### III. DISCUSSION

**A. Plaintiff's Motions to Amend the Motion to Compel**

The Court will first address Plaintiff's Motions to Amend. (ECF Nos. 158, 165). The Court construes these motions as requests by Plaintiff to file sur-replies to Defendants' Response in opposition to Plaintiff's motion to compel. Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate sur-replies to motions. *See* Local Rule 7.2(b) (contemplating only a fourteen-day response deadline and, for summary judgment motions, an additional seven-day reply deadline); *see also Atuahene v. S. D. State Univ.*, No. CIV. 07-4099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009) (noting that the Federal Rules of Civil Procedure do not contemplate sur-replies as a matter of right). However, parties may seek permission to file a sur-reply. *Atuahene*, 2009 WL 1586952, at *8.

Sur-replies are largely disfavored in federal court. *Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019); *see also In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006) ("Sur-replies . . . are highly disfavored, as they usually are a strategic effort…to have the last word on a matter."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (stating that leave to file a sur-reply is granted only in "extraordinary circumstances"). However, the Court has discretion to allow sur-replies when justice so requires. *Fleshner*, 2019 WL 271619, at *2. A sur-reply might be considered appropriate when the preceding reply/response "contained new information for which the opportunity to respond is needed." *Atuahene*, 2009 WL 1586952, at *8 (internal quotation marks omitted); *see also Fleshner*, 2019 WL 271619, at *2 (noting that a sur-reply is unwarranted when the preceding reply [response] does not raise new arguments). *Fuller v. Lion Oil Trading &*

4

*Transportation, LLC*, 1:19-CV-1020, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020), *aff'd*, 848 Fed. App'x 223 (8th Cir. 2021) (unpublished).

After careful review of all the pleadings relating to Plaintiff's motion to compel, the Court finds there is no basis to allow or consider any sur- replies, responses, or amendments to the Motion to Compel. Defendants did not raise any new arguments in their Response. Accordingly, Plaintiff's Motions to Amend the Motion to Compel (ECF Nos. 158, 165) are **DENIED**.

### B. Plaintiff's Motion to Compel

Although the Court believes the video footage at issue is relevant to Plaintiff's claims, with one exception, the record reflects Plaintiff is requesting production of video footage which no longer exists. Defendants represent to the Court that videos at the MCDC are "automatically record[ed] over" after 30 days unless there is a "hold" placed on a video recording. (ECF No. 155-1). The Court notes Rule 34 provides for production of documents and things within "the responding party's possession, custody or control." Fed. R. Civ. P. 34 (a)(1). Defendants cannot produce what they do not have in their possession or control. Further, Defendants cannot produce what does not exist.

Defendants state the following video footage requested by Plaintiff no longer exists: 1) October 15, 2020, event in the infirmary area from 12:01 pm to 2:20 pm; 2) Disciplinary hearing on October 21, 2020, in Defendant Adams' office; 3) alleged videos of MCDC and medical employees not wearing masks or gloves; 4) alleged videos of conversations between Defendant Walker and Morris in the intake room and in a hallway outside Defendant Warden's office and the attorney-inmate zoom room; 5) alleged videos of another "mentally ill' inmate's behavior. *Id.* at pp. 7-13. However, Defendants state there is one video involving the use of force against the

"mentally ill" inmate and they are willing to produce this video if the Court directs them to do so. *Id.* at p. 13.

Plaintiff argues Defendants should have put a hold and preserved the video footage that was recorded over because he requested they do so, in some cases, before thirty days had passed after the incidents occurred. The Court disagrees. As Defendants point out in their brief, in *Laughlin v. Stuart,* 2020 WL 4747665 at *2, (D. MN August 17, 2020) the Court held:

> An inmate cannot trigger the duty to preserve simply by requesting jail officials preserve a piece of evidence. Given the volume of threatened litigation in the prison system, officials would likely be required to preserve every video, audio recording, and scrap of paper ever created a burden that exceeds what is required under Rule 37(e).

*Id.*

In addition, the Court finds Plaintiff has not suffered any prejudice from the absence of the video footage. First, Plaintiff may certainly submit affidavits regarding what he witnessed concerning the Miller County Defendants lack of wearing protective equipment and what transpired with the "mentally ill" inmate in response to or in support of motions for summary judgment.[1] Second, Plaintiff also stated in his letters to the MCDC that at least ten inmates also witnessed what he claims was on the videos. He even had the inmates sign their names to his letters. (ECF No. 141, pp. 17, 19, 22, 28). In the event Plaintiff's claims proceed to trial, the Court will entertain motions to subpoena one or two of these individuals to testify as to what they observed, and Plaintiff will obviously be able to testify as to what he observed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motions to Amend **(ECF Nos. 158, 165) are DENIED**.

---

[1] Defendants represent to the Court that Plaintiff did not test positive for Covid-19 at any time during his incarceration at the MCDC.

Plaintiff's Motion to Compel **(ECF No. 141) is GRANTED in part** and **DENIED in part.**

The Motion to Compel (ECF No. 141) is **GRANTED** as to Plaintiff's request for production of the video depicting the use of force against the "mentally ill" inmate from December 31, 2020. **The Miller County Defendants are ordered to produce this video for Plaintiff to view within twenty-one (21) days of the date of this order.**

The Motion to Compel (ECF No. 141) is **DENIED** as to all of Plaintiff's other requests for production of video footage.

To the extent Plaintiff seeks sanctions against Defendants for destruction of the video footage, that request is also **DENIED**.

**IT IS SO ORDERED** this **22nd day of December 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE