IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS     PLAINTIFF

v.     Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS     DEFENDANTS

## ORDER

Plaintiff Randall Morris proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is a Motion to Compel (Two) filed by Plaintiff seeking production of mental health care requests submitted by another inmate at the Miller County Detention Center ("MCDC"). (ECF No. 142). Defendants have filed Responses in opposition to the motion. (ECF Nos. 148, 151). The motion is ripe for consideration.

### I.     BACKGROUND

On November 5, 2021, Plaintiff filed a Motion to Compel seeking "4 mental health care requests from Aaron Mitchell…[Plaintiff's] cellmate for 10 months and he provided a signed release for the requested documents." (ECF No. 142, p. 3). He claims these records are relevant to "…Claim #3: Malicious Hindrance to Mental Health care as a Retaliatory and Punitive Measure…Plaintiff requested mental health care and was purposefully hindered and denied this care out of retaliation by a head nurse causing weeks in delays in accessing mental health care." In comparison, Plaintiff states the records will show Mr. Mitchell was "promptly given access to mental health after using the same exact wording in his requests to see the mental health provider." *Id.*

On November 16, 2021, Defendants King and McCann[1] filed their Response in opposition to Plaintiff's motion. (ECF No. 148). They argue: 1) they never received a medical authorization signed by Aaron Mitchell from Plaintiff; 2) the authorization Plaintiff submitted with his motion to compel is not compliant with the requirements of the Health Insurance Portability and Accountability Act ("HIPPA"); and 3) on November 8, 2021, they "prepared and forwarded to Aaron Mitchell an authorization for the release of the requested documents". *Id.* Defendants King and McCann represent to the Court that as of the date of the filing of their Response they have not heard back from Mr. Mitchell.[2]

On November 17, 2021, Defendants Adams, Walker, Runion, Henderson and Ellis - the Miller County Defendants - filed their Response in opposition to the motion to compel. (ECF No. 151). They argue, "this alleged release does not comply with federal law on releases and there is no way to confirm the signature is the requested inmate's signature. The release of such information risks violating that inmate's privacy rights…the necessity of the information is not proportional to the needs of the case." *Id.*

## II. APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] Defendant McCann is identified as "McCain" in the case caption.
[2] In the letter to Mr. Mitchell, Defendants King and McCann state they informed him, "he may sign the authorization and return it to undersigned counsel in a self-addressed stamped envelope; that his signature on the authorization is completely voluntary; and that he may choose to not sign the authorization." (ECF No. 148, p. 1).

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i)   The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)  The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

### III.   DISCUSSION

The Court finds Defendants have met their burden to demonstrate why they should not be compelled to produce mental health requests from his former cellmate at the MCDC. First, the document Plaintiff states he provided to them showing Mr. Mitchell's consent to the release of this information was prepared by Plaintiff and purportedly signed by Mr. Mitchell without any verification of his signature as required by the Federal Rules or HIPPA. This Court will not compel Defendants to produce the medical requests of Mr. Mitchell without his express consent. Moreover, Plaintiff may certainly submit affidavits regarding what he witnessed concerning his own treatment,

or lack thereof, and the treatment of Mr. Mitchell at the MCDC in support of or in response to motions for summary judgment.

## IV.　CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel **(ECF No. 142) is DENIED.**

**IT IS SO ORDERED** this **22nd day of December 2021.**

　　　　　　　　　　　　　　　　　　/s/ *Barry A. Bryant*
　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE