IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**RANDALL MORRIS**                                                                                        **PLAINTIFF**

VS.                                        Civil No. 4:20-cv-04101

**STEVEN KING, R.N.; SHERIFF JACKIE RUNION,
WARDEN JEFFIE WALKER; CORPORAL GOLDEN ADAMS;
CORPORAL A. ELLIS, SGT. JASON GUTHRIE,
SGT. RICHARD HENDERSON, DR. KEVIN MCCANN**
                                                                                                       **DEFENDANTS**

**COUNTY DEFENDANTS'
STATEMENT OF UNDISPUTED FACTS**

**COME NOW,** County Defendants, and for their Statement of Undisputed Facts would state as follows:

1. Plaintiff was booked into Miller County Detention Center ("MCDC") on January 10, 2020. **Walker Affidavit; Landreth Affidavit.**

2. Plaintiff was placed into disciplinary segregation as a result of disrespectful behavior while in the infirmary on October 15, 2020. Plaintiff was given a disciplinary hearing at which time he was found guilty of the infraction and sentenced to time served. **Walker Affidavit; Landreth Affidavit; Adams Affidavit.**

3. Plaintiff placed four (4) sick call requests and 117 grievances after October 15, 2020. **Walker Affidavit; King Affidavit.**

4. When Plaintiff was booked in to the MCDC, he did not report that he suffered from hypertension or diabetes, or any other physical medical

8940555.1

condition other than having had titanium hardware placed in his back. **King Affidavit.**

5. Plaintiff did not suffer from a serious medical condition with regard to blood pressure or blood sugar. **King Affidavit.**

6. At no time while housed at MCDC did Plaintiff ever register a blood pressure reading that would have required intervention or treatment. **King Affidavit.**

7. There was no medical indication to test Plaintiff's blood sugar. **King Affidavit.**

8. Plaintiff first requested mental health services on September 22, 2020. **King Affidavit.**

9. Plaintiff was seen by the mental health nurse on October 3, 2020, October 10, 2020, October 17, 2020, and November 7, 2020. **King Affidavit.**

10. Plaintiff first requested medical shoes on October 9, 2020. He was immediately placed on the list to see the medical provider. **King Affidavit.**

11. Kevin McCann approved Plaintiff's request for medical shoes on October 15. 2020, and ordered that Plaintiff receive medical shoes. **King Affidavit; McCann Affidavit.**

12. On March 23, 2020, The Miller County Detention Center promulgated the Standard Operating Procedure 05.00 Pandemic and Public Health Emergency. Such policy applies to all detention center staff. **Walker Affidavit; King Affidavit.**

13. At no time while housed at MCDC, did Plaintiff test positive for Covid-19, or contract Covid-19. **Walker Affidavit; King Affidavit.**

8940555.1

14. Plaintiff has been transferred to Saline County Detention Center, and by his own admissions, he is no longer subject to the alleged conditions of confinement. **Exhibit 5.**

15. Plaintiff was placed in protective custody at his own request. **Walker Affidavit, Exhibit 5.**

16. Plaintiff placed 17 sick calls and 251 grievances via the kiosk system while housed at MCDC. **Walker Affidavit, King Affidavit.**

17. The delay in administering influenza and pneumonia vaccines was due to a delay in delivery of the vaccines to MCDC, and that they were administered to all inmates who requested them at or near the same time. **King Affidavit.**

18. Plaintiff ever contracted influenza or pneumonia. **King Affidavit.**

19. Plaintiff did not suffer any physical injuries as required for recovery of compensatory damages.

20. Plaintiff timely and on four occasions was able to see the mental health upon his request. **King Affidavit.**

21. Plaintiff does not allege that King physically assaulted or harmed him on October 15, 2020. **Second Amended Complaint; Exhibit 5 Deposition Transcript.**

22. Plaintiff was in protective custody voluntarily and by his own request. **Walker Affidavit; Exhibit 5 Deposition Transcript, 26.**

23. Plaintiff admitted that he was allowed outside his cell into the day room; he alleges only that he was not always given outside yard time. **Exhibit 5 Deposition Transcript, 67.**

8940555.1

24. Plaintiff received all mail and newspapers he complains that he did not receive when he was transferred to Saline County as it was in his property. **Exhibit 5 Deposition Transcript, 73.**

25. Plaintiff had access to news through NPR via a radio. **Exhibit 5 Deposition Transcript, 72.**

26. On March 23, 2020, The Miller County Detention Center promulgated the Standard Operating Procedure 05.00 Pandemic and Public Health Emergency. Such policy applies to all detention center staff. **Walker Affidavit**

27. The stated policy sets out guidance for the use of Personal Protective Equipment (PPE), Isolation, and Quarantine of inmates. The policies that were implemented were designed to educate staff on CDC, State, and Local Department of Health Guidelines; appropriate quarantine and isolation of inmates; appropriate use of PPE; implementation of temperature checks; cleaning and disinfecting of jail surfaces; and limiting the transmission of Covid-19 by suspending fingerprinting, property releases, and lobby visitation. **Walker Affidavit.**

28. The policies were to be implemented by phases, depending on the ebb and flow of the pandemic. Phase One was implemented on April 30, 2020. Phase Two was implemented on May 27, 2020. Phase One was reactivated on June 17, 2020. Phase Two was reactivated on September 10, 2020. **Walker Affidavit.**

29. The policies and procedures, as promulgated, were based on the evolving medical science as it was understood at the time. The policies and

procedures represent a good-faith effort to limit the spread of the Covid-19 virus within the MCDC. **Walker Affidavit.**

30. At all times relevant, Southern Health Partners contracted with Miller County to provide healthcare services to inmates housed at the MCDC. **Walker Affidavit.**

31. No policy or custom of Miller County, the Centers for Disease Control, Arkansas Department of Health, or Southern Health Partners exhibited deliberate indifference to Plaintiff's serious medical needs, if any. **Walker Affidavit.**

32. MCDC employees were provided a copy of the COVID policies and procedures. Supervisors were explained the policies and procedures and explained them to the jail staff. At shift change, briefings would include any changes to protocol as a result of COVID-19. Administrators, Captains, and the Warden were available to answer questions. **Walker Affidavit.**

Respectfully submitted,

By: _____
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 – phone
501-244-5347 – fax
jjones@fridayfirm.com

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notify all counsel of record who have appeared in this case on 31st day of December, 2021 as follows:

Randall Morris
Saline County Detention Center
735 South Neely Street
Benton, AR 72015

                                                                  _____
                                                                  Jamie Huffman Jones