6IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                          PLAINTIFF

v.                                            Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                            DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's Motion to Compel. (ECF No. 143). Defendants have filed a Response. (ECF No. 181).

On November 5, 2021, Plaintiff filed the instant motion seeking production of numerous documents described by Plaintiff as "Requests for Production No. 5 and No. 6 on the attached Exhibit A". (ECF No. 143). Then on November 30, 2021, Plaintiff filed a Motion to Withdraw the portion of his motion to compel relating to production of documents sets forth in Request for Production No. 5 because Defendants provided him with the requested discovery. (ECF No. 159). In addition, Plaintiff stated he, "received a letter dated 11/15/21 (see Exhibit A) expressing confusion as to the meaning and reasons for his request…Plaintiff sent Defendants a response dated 11/17/21 (Exhibit B), wherein, Plaintiff clarified the reasons and relevance of the original request No. 6 and asked, again, that Defendants produce the requested documents." *Id.*

On December 6, 2021, the Court granted in part Plaintiff's Motion to Withdraw leaving only the issue of production of documents set forth in Plaintiff's Request No. 6 for consideration. (ECF No. 166). In his letter to Defendants dated November 17, 2021, Plaintiff described the documents he is requesting as follows:

1

> As for Production No. 6, this pertains to the lack of guard welfare checks. This request is not only relevant to my being placed into a Covid pod with violent inmates (Max A). It is relevant also to the point that no guard welfare checks were made in Max A or Max E lockdown pods (where I was housed for 13 months during a pandemic and with no functioning emergency panic/duress buttons). The welfare scans pertain to the electronic device affixed to the outside of each cell that is supposed to be scanned every hour (but are not) by guards in Max A & Max E. You can either produce these scans for Max A and Max E pods for the 10/16/20 through 10/19/20 dates that I have requested in order to show a representative sample or we can ask the Court to compel the scan logs for the whole 13 months of my time between Max A and Max E pods.
>
> As the result will be the same (no scans were made in Max A or Max E during 2020), the requested sample (10/16 thru 10/19) will save your clients considerable time and paper.
>
> Furthermore, asking for the welfare scans for Max A and Max E lockdown pods during a pandemic with inoperable emergency panic/duress buttons will allow a jury to view my claim of deliberate and reckless indifference along with other relevant factors that will establish a totality of the circumstance and a custom of deliberate and reckless indifference toward inmate health and safety. Now please produce the requested documents.

(ECF No. 159, pp. 3-4).

On December 29, 2021, Defendants filed a Response in Opposition to Plaintiff's motion to compel. (ECF No. 181).[1] Defendants state they understand Plaintiff is requesting, "welfare checks. After researching with [Miller] County, it appears Plaintiff is referring to a system that was used but stopped in 2020. Attached as Exhibit 2 are the logs from that now-discontinued system and therefore produced to Plaintiff with this Supplemental Response." *Id.* at pp. 1-2.

Based on Defendants' Response, they have now produced all the documents relating to Plaintiff's Request for Production No. 6 that exist and are in their possession. (ECF No. 181).[2]

---

1. Defendants' Response refers to Plaintiff's motion to compel as (ECF No. 146). This is clearly an error as the motion in question is (ECF No. 143) and the substance of the Response is directed at the requests set forth in that motion.
2. With their Response, Defendants produced two-hundred fifty-four (254) pages of welfare checks from the Miller County Detention Center.

Rule 34 provides for production of documents and things within "the responding party's possession, custody or control." Fed. R. Civ. P. 34 (a)(1). Defendants cannot produce what they do not have in their possession or control.

The Court finds Defendants have responded and produced the documents which are the subject of Plaintiff's motion to compel. Accordingly, Plaintiff's Motion to Compel (ECF No. 143) is **DENIED** as the requests for production are now **MOOT**.

**IT IS SO ORDERED** this 4th **day of January 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE