IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                           PLAINTIFF

v.                                            Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                                DEFENDANTS

## ORDER

Plaintiff Randall Morris proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court are three motions filed by Plaintiff: 1) Motion to Compel (Seven) seeking production of electronic kiosk requests from the Miller County Defendants – Adams, Walker, Runion, Guthrie, and Henderson (ECF No. 167); 2) Motion to Amend the Motion to Compel (ECF No. 168); and a second Motion to Amend the Motion to Compel (ECF No. 176). The Miller County Defendants filed a Response in opposition to the Motion to Compel and the first Motion to Amend. (ECF No. 171). The motions are ripe for consideration.

### I.     BACKGROUND

On December 9, 2021, Plaintiff filed a Motion to Compel seeking sixteen (16) electronic kiosk requests from the Miller County Defendants. (ECF No. 167).[1] He claims these requests are relevant to "certain issues, i.e., the fabricated disciplinary finding and the attempt of fraud on the Court…" *Id.* at p. 10. In his motion Plaintiff identifies the following requests he claims Defendants have not produced: 5,952,120 dated 1/13/20, 6,351,128 dated 3/21/20, 6,874,586 dated 7/19/20,

---

[1] On October 22, 2021, after a Zoom Status conference with all parties, the Court set a deadline of November 15, 2021, to file motions to compel. (ECF No. 135). Because Plaintiff's Motion to Compel is dated November 13, 2021, the Court will liberally construe the prison mailbox rule as applying in this situation and accept the motion as being timely filed.

7,190,034 dated 9/13/20, 7,344,495 dated 10/7/20, 7,365,809 dated 10/11/20, 7,431,356 dated 10/21/20, 7,663,236 dated 11/25/20, 7,820,951 dated 12/19/20, 7,862,955 dated 12/26/20, 7,863,017 dated 12/26/20, 7,546,013 dated 1/7/21, 8,138,782 dated 2/2/21, 8,155,274 dated 2/4/21, 8,300,294 dated 2/24/21, and 8,391,566 dated 3/9/21. *Id.* at p. 4.

Then, on December 14, 2021, Plaintiff filed a Motion to Amend the Motion to Compel. (ECF No. 168). This motion is dated November 22, 2021. In this motion Plaintiff claims he received a "threatening letter" from Defendants' counsel, and he is "absolutely certain that all 16 (sixteen) MCDC electronic kiosk requests exist, Plaintiff will not be discouraged nor intimidated from asking the Court to compel these documents." *Id.* He asks the Court to "compel Defendants to produce the requested documents or to provide confirmation of the MCDC electronic kiosk grievance/request provider name and corporate address so that Plaintiff may ask the Court to subpoena the requested documents directly." *Id.* at p. 2.[2]

The Miller County Defendants filed their Response in Opposition to the motion to compel and the first motion to amend on December 16, 2021. (ECF No. 171). They state in part, "Plaintiff has been told previously that MCDC does not have them [the 16 kiosk requests] to produce; the system has been searched for the numbers and there is no record [of them]" and Jail Administrator Landreth has provided an affidavit confirming there is no record of the requests Plaintiff is seeking. *Id.* at p. 1. Landreth specifically states in his affidavit:

> I have searched the electronic system for the requested numbers and could not locate them in the system…For the system, it does not matter if it is a grievance or a kiosk requests, a search for the number will result in the document if it is in the system. Despite due diligence in searching the system, the numbers requested by Mr. Morris have not been located.

---

[2] On October 22, 2021, after the Zoom Status conference meeting, the Court entered an order setting various case deadlines and clearly stated, "…No further subpoenas will be issued to third parties for the production of documents…" (ECF No. 135, p. 1).

*Id.* at p. 3.

On December 22, 2021, Plaintiff filed a second Motion to Amend the Motion to Compel. (ECF No. 176). He asks to "amend the original motion [ECF 167] with...information." *Id.* at p. 1. He goes on to state, "the correct address and company named for the MCDC kiosk <u>grievance and request provider</u> is <u>Smart Communications Collier, Inc</u>…not Correct Solutions Group…as previously provided by the Defendants…" *Id.* Plaintiff then asks the Court "to grant a subpoena duces tecum…from Smart Communication…" *Id.* at p. 2.

## II. APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

### III.   DISCUSSION

#### A. Plaintiff's Motions to Amend the Motion to Compel

The Court will first address Plaintiff's Motions to Amend. (ECF Nos. 168, 176). Both of Plaintiff's motions to amend were filed after the deadline of November 15, 2021, set by the Court to file motions to compel. In addition, the second motion to amend is in essence a sur-reply to Defendants' Response in opposition to Plaintiff's motion to compel.[3] The Court finds there is no basis to allow or consider any sur- replies, responses, or amendments to the Motion to Compel. Accordingly, Plaintiff's Motions to Amend the Motion to Compel (ECF Nos. 168, 176) are denied.

#### B. Plaintiff's Motion to Compel

The Court is not convinced the sixteen (16) electronic kiosk requests identified by Plaintiff are relevant to Plaintiff's claims in this lawsuit. First, "fraud on the Court" by Defendants is not part of Plaintiff's claims against Defendants. In addition, Plaintiff has not informed the Court what the substance of these kiosk requests are or who allegedly submitted them.

---

[3]Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate sur-replies to motions. *See* Local Rule 7.2(b) (contemplating only a fourteen-day response deadline and, for summary judgment motions, an additional seven-day reply deadline); *see also Atuahene v. S. D. State Univ.*, No. CIV. 07-4099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009) (noting that the Federal Rules of Civil Procedure do not contemplate sur-replies as a matter of right). Sur-replies are largely disfavored in federal court. *Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019); *see also In re Enron Corp. Secs.*, 465 F. Supp. 2d 687,691 n.4 (S.D. Tex. 2006) ("Sur-replies . . . are highly disfavored, as they usually are a strategic effort…to have the last word on a matter.").

Even assuming the requests are relevant, the record reflects Plaintiff is requesting production of documents which do not exist in the MCDC's systems. Defendants represent to the Court that they have conducted an extensive search of the MCDC's records and did not find any of the numerated requests. (ECF No. 171). Rule 34 provides for production of documents and things within "the responding party's possession, custody or control." Fed. R. Civ. P. 34 (a)(1). Defendants cannot produce what they do not have in their possession or control. Further, Defendants cannot produce what does not exist. Accordingly, Plaintiff's Motion to Compel (ECF No. 167) is denied.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel (ECF No. 167) and Motions to Amend (ECF Nos. 168, 176) **are DENIED**.

**IT IS SO ORDERED** this 4th **day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE