IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                    PLAINTIFF

v.                                          Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE;
SERGEANT RICHARD HENDERSON and; CPL A. ELLIS            DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for *In Camera* Review of Requested Documents. (ECF No. 192). Defendants have not filed a response and the Court finds no response is necessary to rule on the motion.

In the motion Plaintiff states, "Regarding the December 22, 2021, order denying Plaintiff's Motion to Compel (Two) (ECF No. 142), Plaintiff now asks the Court to compel the requested documents for in camera review." (ECF No. 192). He goes on to argue:

1. The requested documents are key to Plaintiff's Claim # 3.
2. As Plaintiff's claim is against MCDC and the majority of Plaintiff's other claims against MCDC involve retaliation against Plaintiff by MCDC for Plaintiff's grievances and civil suit AND because witness Aaron Mitchell is currently housed @ MCDC and may feel at risk of retaliation, himself, for participating in the execution of Plaintiff's civil suit, Plaintiff asks for an in camera review of the requested documents so as to minimize the risk of retaliation against Aaron Mitchell.
3. Plaintiff had written Aaron Mitchell a letter and sent it to MCDC on 12/2/21 per U.S. mail but has received no response to date. As MCDC has a written policy against MCDC inmates sending or receiving mail to other jails and inmates, Mr. Mitchell's failure to respond to Plaintiff's letter could be due to MCDC having intercepted Plaintiff's mail to Mitchell and denied him delivery of it without giving notice to Mitchell (as Plaintiff's Claim # 11 & #13 will show happened to Plaintiff regarding Plaintiff's mail @ MCDC) or Mr. Mitchell might feel at risk of retaliation by MCDC if Mr. Mitchell received Plaintiff's mail and responds to it or attempts to provide Plaintiff with

1

>authorization to receive the documents belonging to Mr. Mitchell that MCDC possesses.

*Id.* at p. 2.

On December 22, 2021, the Court denied Plaintiff's motion to compel "4 mental health care requests from Aaron Mitchell…[Plaintiff's] cellmate for 10 months…" stating it would not compel Defendants to produce medical requests of Mr. Mitchell without his express consent. (ECF No. 179, p. 3). In addition, the Court stated that Plaintiff could submit an affidavit regarding what he witnessed concerning his own treatment, or lack thereof, and the treatment of Mr. Mitchell at the MCDC in support of or in response to summary judgment motions. *Id.* at p. 3-4.

Plaintiff's arguments concerning why he believes Mr. Mitchell has not provided his written consent to disclose his health requests does not persuade the Court to allow an *in camera* review of those documents. Mr. Mitchell, who is not a party to this case, has not given his consent for the Court or any other person to review his medical records. Again, Plaintiff is free to submit an affidavit as to what he witnessed in response to the pending summary judgment motions.

Accordingly, Plaintiff's Motion for *In Camera* Review of Requested Documents (ECF No. 192) is **DENIED**.

**IT IS SO ORDERED this 25th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

2