IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                          PLAINTIFF

v.                                            Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE;
SERGEANT RICHARD HENDERSON and; CPL A. ELLIS                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff's "Motion to Alter Judgment Denying Plaintiff's Motion to Compel (one) [ECF No. 141]". (ECF No. 194). The Court construes the motion as one to reconsider the Court's previous ruling denying Plaintiff's motion to compel. (ECF No. 178). Defendants have not filed a response and the Court finds no response is necessary to rule on the motion.

### I.     BACKGROUND

On December 22, 2021, the Court entered an order denying Plaintiff's motion to compel production of video footage from the Miller County Defendants. (ECF No. 178). The Court stated the video footage at issue was relevant to Plaintiff's claims but, with one exception, the record confirmed Plaintiff was requesting video footage which no longer existed. *Id.* at p. 5. The Court specifically stated, "Defendants represent to the Court that videos at the MCDC are 'automatically record[ed] over' after 30 days unless there is a 'hold' placed on a video recording…" *Id.* The Court went on to state "Defendants cannot produce what they do not have in their possession or control. Further, Defendants cannot produce what does not exist." *Id.*

In the instant motion, Plaintiff asks to Court to "reconsider one aspect" of its order. (ECF No. 194). Plaintiff specifically states:

1. Attached is a Letter of Video preservation that was attached to the original motion.

1

2. The first item on that letter is a request to preserve video from '10/15/20' in the MCDC Infirmary from '12:01 to 2:20pm'.
3. The contents of this video depicted an 'incident' that led to Plaintiff being unjustly punished by deprivation of medical and being taken from protective custody and put into a Covid-19 quarantine pod that was simultaneously being used to lockdown violent inmates on disciplinary lockdown.
4. Also attached is the 'Incident/Offense Report' that was created within one day of the 10/15/21 incident in the infirmary.
5. Lastly, Plaintiff attaches the MCDC 'video surveillance and Retention' SOP 05.31 B. The third page of that SOP states: 'within the Jail, uses of force, fights, or any other incidents requiring an offense/incident report shall require a video download to a USB flash drive to accompany the report. These reports along with the flash drive will be placed in a file and kept as long as administratively valuable to the agency, until the case is closed plus 6 (six) years.'
6. Given the above MCDC policy, Plaintiff asks the Court, again, to compel this video.
7. If the Defendants violated their own policy in not properly preserving this video, Plaintiff asks the Court to apply sanctions in the form of an adverse inference against Defendants regarding Plaintiff's Claim #1 and a monetary award of $500.

PS – Not only was there a policy to preserve the requested video, the attached Letter of Video Preservation dated 1/14/21 put the Defendants on Notice of a pending lawsuit and the Defendants were served with the civil suit by the USMS on 1/16/21, thus reinforcing this Notice.

*Id.* at pp. 1-2.

## II.     APPLICABLE LAW

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Rule 59(e) motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rule 60(b) motions require the moving party to demonstrate "exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

## III.     DISCUSSION

The Court finds Plaintiff has not set forth any manifest errors of law or fact, presented newly

discovered evidence, or demonstrated exceptional circumstances as required by Rules 59(e) and 60(b) to warrant reconsideration of the Court's previous order. The Court determined the video footage video from "10/15/20' in the MCDC Infirmary from 12:01 to 2:20pm" no longer existed and therefore could not be produced. In the instant motion, Plaintiff points to the video retention policy of the MCDC and asks the Court to sanction the Miller County Defendants for failing to abide by their own policy to retain the video.

First, the Court is not convinced that the Miller County Defendants failed to abide by their own policy when they did not retain video of the incident between Plaintiff and Defendant King on October 15, 2020. Even if the MCDC did not follow their policy the law is clear that "an internal jail policy or procedure does not create a constitutional right, nor does a correctional officer's failure to follow such regulation rise to the level of a § 1983 claim." *Brown v. Boone Cnty.,* No. 5:13-cv-03065-TLB, 2014 WL 4405433, at *5 (W.D. ark. Sept. 5, 2014) (citing *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996)). Second, Plaintiff's request for sanctions is without merit. Not only is there no constitutional claim arising from the MCDC's alleged failure to follow their video retention policy, but Plaintiff has not been prejudiced by the absence of the video footage.[1]

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion To Alter Judgment Denying Plaintiff's Motion to Compel (ECF No. 194) is **DENIED.**

**DATED** this 8th **day of February 2022**.

/s/ *Barry A. Bryant*
―――――――――――――――――――――
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] On February 2, 2022, Plaintiff filed his Response to Defendants' motions for summary judgment. (ECF No. 206, 207, 208, 209). The Response includes a twenty-six (26) page affidavit which includes a description of the October 15, 2020, incident. (ECF No. 209, p. 9)