IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                          PLAINTIFF

v.                                        Civil No. 4:20-cv-04101

STEVEN KING, R.N.; WARDEN JEFFIE WALKER;
CORPORAL GOLDEN ADAMS; DR. KEVIN MCCAIN;
SHERIFF JACKIE RUNION; SGT. JASON GUTHRIE; SERGEANT
RICHARD HENDERSON; and CPL A. ELLIS                                         DEFENDANTS

**ORDER**

Plaintiff Randall Morris proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court are two motions filed by Plaintiff: 1) Motion to Supplement Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF No. 222); and 2) Motion to Clarify Plaintiff's Response to Defendants' Motion for Summary Judgment. (ECF No. 223). Defendants have not filed responses to the motion and the Court finds none are necessary to rule on the motions.

On February 2, 2022, after seeking an extension of time, Plaintiff filed a Response to Defendants' Motion for Summary Judgment which consists of four (4) pages and one-thousand twenty-nine (1029) pages of exhibits. (ECF No. 206). In addition, Plaintiff filed a Brief (69 pages), Statement of Facts (9 pages), and an Affidavit (26 pages). (ECF Nos. 207, 208, 209). Both instant motions were filed long after the deadline for Plaintiff to file his response to Defendants' summary judgment motions.

In addition, each motion is in essence a sur-reply to Defendants' Replies to Plaintiff's response. Neither the Federal Rules of Civil Procedure nor the Local Rules contemplate sur-replies to motions. *See* Local Rule 7.2(b) (contemplating only a fourteen-day response deadline and, for summary judgment motions, an additional seven-day reply deadline); *see also Atuahene v. S. D.*

*State Univ.*, No. CIV. 07-4099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009) (noting that the Federal Rules of Civil Procedure do not contemplate sur-replies as a matter of right). Sur-replies are largely disfavored in federal court. *Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019); *see also In re Enron Corp. Secs.*, 465 F. Supp. 2d 687,691 n.4 (S.D. Tex. 2006) ("Sur-replies . . . are highly disfavored, as they usually are a strategic effort…to have the last word on a matter.").

The Court finds there is no basis to allow or consider any sur- reply, response, or amendment to the Plaintiff's Response to Defendants' summary judgment motions. Accordingly, Plaintiff's Motions to Supplement and Clarify (ECF Nos. 222, 223) are **DENIED**.

**IT IS SO ORDERED** this 19th **day of May 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE