IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                          PLAINTIFF

v.                                            Case No. 4:20-cv-4101

STEVE KING, R.N., *et al.*                                                                          DEFENDANTS

## ORDER

This matter is before the Court on Magistrate Judge Barry A. Bryant's order denying Plaintiff's Motion to Appoint Counsel. ECF No. 108. Plaintiff appeals this order. ECF No. 115.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Dochniak v. Dominum Mgmt. Servs.*, 240 F.R.D. 451, 452 (D. Minn. 2006) (citing *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). "The Court will reverse such an order only if it is clearly erroneous or contrary to law." *Id.* at 452.

Plaintiff, representing himself in this matter, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Judge Bryant correctly observed that indigent civil litigants do not have a constitutional or statutory right to appointed counsel. ECF Nos. 20, 108; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."

---

[1] Plaintiff's claims in this action arise from alleged incidents that occurred while he was incarcerated in the Miller County Detention Center in Texarkana, Arkansas.

*Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). A court considers the following factors in determining whether to appoint counsel: the factual and legal complexity of the case, the existence of conflicting testimony, the ability of the indigent plaintiff to investigate the facts and present his or her claims. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In his order, Judge Bryant determined that Plaintiff's claims do not appear legally or factually complex and that Plaintiff has been adequately prosecuting the case. ECF No. 20. Plaintiff disagrees. He argues that the case is complex, he cannot "overcome Defendant's discovery tactics," and he cannot locate and interview witnesses. ECF No. 115.

Plaintiff makes the following claims in this case: failure to protect, deliberate indifference to his exercise needs, deliberate disregard for an imminent threat of future harm, delay in medical treatment, retaliation, denial of adequate healthcare, denial of his right to receive mail, excessive noise, unsanitary conditions, a violation of the Americans with Disabilities Act, and retaliatory transfer. Although the claims are numerous, the Court finds that they are not particularly complex. The Court has reviewed the record and finds that Plaintiff is adequately articulating his arguments and presenting his claims to the Court.

Further, Plaintiff is actively participating in discovery and has successfully subpoenaed documents from multiple state and federal entities. Moreover, Judge Bryant held a discovery status conference to address Plaintiff's discovery concerns and to help facilitate the exchange of documents between the parties. Thus, the Court finds that Plaintiff's discovery concerns are being addressed by Judge Bryant and do not warrant the appointment of counsel at this time.

After considering the relevant factors, particularly the factual and legal complexity of this case and Plaintiff's demonstrated ability to present his own claims, the Court agrees with Judge Bryant that Plaintiff's Motion to Appoint Counsel (ECF No. 107) should be denied. Accordingly,

Judge Bryant's Order (ECF No. 108) denying the motion is **AFFIRMED**.

    **IT IS SO ORDERED**, this 22nd day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
