IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDALL MORRIS                                                                                    PLAINTIFF

v.                                    Civil No. 4:20-cv-4101

STEVEN KING, R.N.; WARDEN JEFFIE
WALKER; CAPTAIN GOLDEN ADAMS;
DR. KEVIN MCCAIN[1]; SHERIFF JACKIE
RUNION; SGT. JASON GUTHRIE; SERGEANT
RICHARD HENDERSON; and CPL. A. ELLIS                                      DEFENDANTS

## ORDER

Before the Court is a report and recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 227. Judge Bryant recommends that the Court grant Defendant Steven King and Kevin McCann's summary judgment motion.[2] ECF No. 172. Plaintiff Randall Morris objects. ECF No. 228.

## I. BACKGROUND

On November 18, 2020, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. On February 24, 2021, Plaintiff filed a second amended complaint, which remains the operative complaint.[3] ECF No. 21. The second amended complaint consists of thirty-eight (38) pages, asserting seventeen (17) claims against eight (8) Defendants.

He has sued all Defendants in their individual and official capacities. Plaintiff's claims arise from alleged incidents that occurred while he was incarcerated in the Miller County Detention Center ("MCDC").

---

[1] Defendant McCann is incorrectly referred to on the Court's docket at "Kevin McCain."
[2] The other Defendants have filed a separate motion for summary judgment. ECF No. 182.
[3] Plaintiff also filed a supplemental complaint that added two claims against Defendant Walker. ECF No. 63.

The Report and Recommendation (ECF No. 227) contains a detailed factual background, which the Court has reviewed and relied on. In this order, the Court will briefly summarize the incidents that give rise to the claims to which Plaintiff specifically objected.

Defendant McCann, a nurse practitioner, provides medical services to inmates housed at the MCDC by and through a contract with Southern Health Partners, Inc. On October 15, 2020, McCann saw Plaintiff and approved an order for Plaintiff to obtain medical shoes that he needed for exercise. Plaintiff claims that during his appointment with McCann, Defendant Steven King, a nurse, angrily interjected that Plaintiff did not need medical shoes and that all the inmates try to get approved for medical shoes. Plaintiff alleges that King made several comments indicating his opinion that Plaintiff did not need medical shoes for exercise. According to Plaintiff, during the medical appointment, King also inquired about why Plaintiff had been placed in protective custody and remarked that Plaintiff could request to be moved to an open pod so that he would have better exercise options that would not require medical shoes. Plaintiff stated that he ignored King's comments and continued to discuss his health concerns with McCann. Plaintiff alleges that this angered King, and King told a guard that he wanted Plaintiff to be written up for disrespect and that he did not want Plaintiff to remain in protective custody. Plaintiff claims that his medical appointment was then terminated before he could address all his health issues with McCann, including Plaintiff's request to have his blood pressure, blood sugar, and weight checked.

The following morning, Plaintiff states that King encountered Plaintiff and noticed that he was still in protective custody. A few hours after this, Plaintiff was moved to Max A pod, which was being used as a Covid-19 quarantine pod. Plaintiff claims that he was placed in a cell with a mentally ill inmate. According to Defendant Warden Jeffie Walker, Plaintiff was placed into disciplinary segregation because of disrespectful behavior while he was in the infirmary. ECF No.

182-1, p. 1.  A disciplinary hearing was held on October 21, 2020, and Defendant was found guilty of a disciplinary infraction.  ECF No. 182-1, p. 1.  Plaintiff was sentenced to time served for this infraction, which was approximately five days.

In his affidavit, King states that he does not set the policies for inmates in protective custody and has no control or authority over where mentally ill inmates are placed.  ECF No. 173-3, p. 2.  King further states that he has no control over which inmates are housed with other inmates or in which pods inmates are housed.  ECF No. 173-3, p. 3.  King also states that he does not have control over the disciplinary policy at MCDC.  ECF No. 173-3, p. 2.  Defendant McCann similarly states that he is not a policymaker as to the housing and segregation of inmates and did not have the authority to place any inmate in the pod or cell with Plaintiff.  ECF NO. 173-4.

Plaintiff alleges that King retaliated against Plaintiff by falsely accusing him of disrespect, by denying him medical care, and by blocking his access to mental health care.  Plaintiff also alleges that King subjected him to unlawful conditions of confinement by placing him in a cell with a mentally ill inmate.  Plaintiff makes several other claims against King and one claim against McCann.  However, the claims specifically mentioned here are the only claims relevant to Plaintiff's objections.

Defendants King and McCann filed a summary judgment motion regarding all claims. ECF No. 172.  Plaintiff opposes the motion.  ECF Nos. 206, 207, 208, 209.  Judge Bryant issued a report and recommendation addressing Defendants King and McCann's summary judgment motion.   ECF No. 227.  Judge Bryant recommends that the Court grant the summary judgment motion and dismiss this case with prejudice.  Plaintiff objects.  ECF No. 228.

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to

submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### III. DISCUSSION

The Court will discuss the claims against King to which Plaintiff has specifically objected. These claims are as follows: retaliatory discipline, retaliation based on the denial of medical care, retaliation based on the denial of mental health care, and unlawful conditions of confinement.

### A. Retaliatory Discipline

Plaintiff claims that because he had filed grievances related to his medical care, King retaliated against him by falsely accusing him of disrespect. Defendants argue, and Judge Bryant agrees, that King is entitled to summary judgment on this claim. Judge Bryant finds that King's action of charging Plaintiff with a disciplinary violation did not "chill" Plaintiff from continuing to file grievances. Judge Bryant also finds that because there is evidence that Plaintiff was found guilty of a disciplinary violation, Plaintiff's retaliation claim must fail. Plaintiff objects to these findings.

"An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). "However, claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule." *Id.* "Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'sone evidence' the inmate actually committed a rule violation." *Id.* "Under this standard, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Santiago v. Blair*, 717 F.3d 984, 993 (8th Cir. 2013) (citing *Hartsfield*, 511 F.3d at 831).

Plaintiff argues that the "some evidence" standard is not satisfied. ECF No. 228, p. 9. It is undisputed that a corrections officer filed a report stating that Plaintiff was disrespectful to medical staff and that Plaintiff was brought before a hearing officer for a hearing at which he was found guilty of disrespectful behavior toward staff. ECF No. 173-1. Because this disciplinary decision was supported by "some evidence," "the filing of the disciplinary charge may not be the

5

basis for a retaliatory-discipline claim." *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014).

Plaintiff also argues that the hearing officer, Captain Golden Adams, was not impartial. ECF No. 228, pp. 7, 9. Plaintiff provides no evidentiary support for this argument. "Prison officials, like other officials, are presumed to be impartial decisionmakers, and an inmate's subjective beliefs, without more, that the officials acted improperly, are insufficient to survive summary judgment." *Davis v. Webb*, 2014 WL 1314938, at *4 (E.D. Mos. Mar. 28, 2014).

Because the Court finds there was "some evidence" for the conduct violation and there is no evidence that the decision maker acted improperly, Plaintiff's claim of retaliatory discipline fails as a matter of law. Accordingly, King is entitled to summary judgment with respect to this claim.[4]

## B. Retaliation Based on Denial of Medical Care

In what Plaintiff labels as "Claim #2: Malicious Denial of Medical Care as a Retaliatory and Punitive Measure" in his second amended complaint, he alleges that during his infirmary visit on October 15, 2020, King cut his visit short and refused to check his blood pressure, blood sugar, and weight in retaliation for Plaintiff filing grievances related to his medical care. ECF No. 21, p. 9. Judge Bryant construed this claim as a two-part claim for denial of medical care and retaliation. Plaintiff clarifies in his objections that it is purely a retaliation claim. ECF No. 228, p. 11.

Judge Bryant has determined that Plaintiff's claims that King retaliated against him must fail because King's failure to check Plaintiff's blood pressure, blood sugar, and weight, per Plaintiff's request, would not chill a person of ordinary firmness from continuing to file grievances. ECF No. 227, p. 23. Plaintiff objects to this determination, but his objection simply reiterates his

---

[4]From the Court's review of Plaintiff's objections, it does not appear that Plaintiff objects to Judge Bryant's recommendation that the official capacity claim against Defendant King for retaliatory discipline be dismissed. The court, having reviewed the record, finds no clear error in this recommendation and the associated findings.

claim. ECF NO. 228, p. 11. (arguing "the medical denial was an overt retaliatory act which was committed along with a multitude of other non-medical but retaliatory acts").

To prevail on a First Amendment retaliation claim, Plaintiff must prove the following: (1) he engaged in a protected activity; (2) King responded with adverse action against Plaintiff that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020). The ordinary-firmness test is an objective one, not subjective. *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003). "Summary judgment is inappropriate if there is insufficient evidence the adverse action would deter a person of ordinary firmness from continuing to engage in First Amendment protected activity." *Gonzalez*, 971 F.3d at 745 (citing *Garcia*, 348 F.3d at 729). The court considers Plaintiff's actions in response to King's alleged retaliation as evidence of what a person of ordinary firmness would have done. *Id.* (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 928 (8th Cir. 2002)).

The Court finds it unlikely that cutting one infirmary visit short and failing to check an inmate's blood pressure, blood sugar, and weight would chill a person of ordinary firmness from exercising his or her First Amendment rights. It certainly did not deter Plaintiff as he placed four sick call requests and filed 117 grievances after his infirmary visit on October 15, 2020. The Court considers Plaintiff's actions as evidence of what a person of ordinary firmness would have done. *See id.* Accordingly, the Court finds that Plaintiff's claim for retaliation based on the denial of medical care is not supported by the evidence presented, and King is entitled to summary judgment with respect to this claim.[5]

---

[5] From the Court's review of Plaintiff's objections, it does not appear that Plaintiff objects to Judge Bryant's recommendation that the official capacity claim against Defendant King for retaliation based on denial of medical care be dismissed. The court, having reviewed the record, finds no clear error in this recommendation and the associated findings.

### C. Retaliation Based on Denial of Mental Health Care

Plaintiff alleges that because he filed grievances related to his health care, King "intentionally" and "maliciously" blocked Plaintiff's requests to receive access to mental health care. ECF No. 21, p. 11. Plaintiff was seen and evaluated by a mental health provider at the MCDC on four different occasions. Plaintiff first requested mental health services on September 22, 2020. ECF No. 173-3. Plaintiff's first visit with the mental health nurse was on October 3, 2020, followed by visits on October 10, 17, and November 7, 2020. ECF No. 173-3. Judge Bryant concluded that even though Plaintiff did not receive the care he wanted as soon as he wanted it, Plaintiff's mental health care was constitutionally sufficient. ECF No. 227, p. 24.

Plaintiff objects to Judge Bryant's interpretation of his claim as one for denial of access to health care. Plaintiff clarifies that this claim is a retaliation claim. As stated above, to prevail on a First Amendment retaliation claim, Plaintiff must prove the following: (1) he engaged in a protected activity; (2) King responded with adverse action against Plaintiff that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez*, 971 F.3d at 745.

Plaintiff claims that he was "denied access to mental health care on two occasions resulting in weeks delays . . . ." ECF No. 207, p. 33; ECF No. 228, p. 11. In his response to the summary judgment motion and in his objections, Plaintiff does not identify when exactly he was denied access to mental health care. However, it appears from other exhibits that Plaintiff was expecting to see the mental health nurse on September 29, 2020. ECF NO. 206-10, p. 28. He first requested to see the mental health nurse on September 22, 2020. ECF No. 206-10, p. 21 ("Please add me to the list to see the mental health provider."). King responded to the request and asked Plaintiff to resubmit the request stating exactly why Plaintiff needed to be seen. ECF No. 206-10, p. 21. King

8

explained that the mental health nurse comes once a week and that MCDC prioritizes the patients who are seen by the mental health nurse. ECF No. 206-10, p. 21. It is not clear from the record when Plaintiff first responded to King's request for more information.[6] However, on September 29, 2020, Plaintiff was placed on the list to see the mental health nurse on the next visit, which was on October 3, 2020. ECF No. 206-10, p. 28.

First, the Court is not convinced that King placing Plaintiff on the list to see the mental health nurse one week after his initial request is an adverse action. King asked Plaintiff for more information regarding his need to see the mental health nurse, given MCDC's need to prioritize mental health requests. It is unclear when King received this information from Plaintiff, but, nevertheless, he was placed on the list to see the mental health nurse just one week after his request, and he was seen on the next visit. Plaintiff provides no evidence that King intentionally blocked him from seeing the mental health nurse on September 29, 2020.

Second, the Court finds it unlikely that shortly delaying an inmate's placement on the list to see the mental health nurse is an action that would chill a person of ordinary firmness from exercising his or her First Amendment rights. It certainly did not deter Plaintiff as he filed numerous grievances after this alleged delay. The Court considers Plaintiff's actions as evidence of what a person of ordinary firmness would have done. *See Gonzalez*, 971 F.3d at 745 (citing *Naucke*, 284 F.3d at 928). Accordingly, the Court finds that Plaintiff's claim for retaliation based on the denial of mental health care is not supported by the evidence presented, and King is entitled to summary judgment with respect to this claim.[7]

---

[6] The Court notes that Plaintiff submitted a medical request on October 2, 2020, stating that being in a windowless, concrete room for nine months and being allowed out only one hour per day was "taking a toll both mentally and physically." ECF No. 206-10, p. 28.

[7] From the Court's review of Plaintiff's objections, it does not appear that Plaintiff objects to Judge Bryant's recommendation that the official capacity claim against Defendant King for retaliation based on denial of mental health care be dismissed. The court, having reviewed the record, finds no clear error in this recommendation and the associated findings.

9

### D. Unlawful Conditions of Confinement

Plaintiff alleges that King subjected him to unlawful conditions of confinement by placing two mentally ill inmates in his pod. ECF No. 21, p. 32. In his complaint, Plaintiff does not describe how King was involved in placing mentally ill inmates in his pod. King states in his affidavit that he "had no control or authority over where the alleged mentally ill inmate was placed in the MCDC." Judge Bryant concludes that there exists no summary judgment evidence in the record to support the claim that King had any involvement in the placement of mentally ill inmates. ECF NO. 173-3. Plaintiff objects.

Plaintiff argues that he provided summary judgment evidence in support of his claim. ECF No. 228, p. 13. He then cites to a policy of the Miller County Sheriff's Office regarding the placement of inmates with special needs. ECF No. 2927. While the policy does cover how these inmates are to be housed, it does not support Plaintiff's argument that King was involved in the housing decisions regarding the mentally ill inmates placed in Plaintiff's pod. The Court agrees with Judge Bryant that there is no evidence in the record that supports Plaintiff's argument that King subjected Plaintiff to unlawful conditions of confinement by placing mentally ill inmates in his pod. Accordingly, the Court finds that Plaintiff's claim for unlawful conditions of confinement with respect to the placement of mentally ill inmates in his pod must fail, and King is entitled to summary judgment regarding this claim.

As for the claim against King in his official capacity, Plaintiff alleges that Southern Health Partners has a custom of deliberately placing mentally ill inmates together with inmates in protective custody and ignoring complaints regarding the mentally ill inmates. ECF No. 21, p. 33. However, Plaintiff has not provided any evidence of such custom or policy of Southern Health Partners regarding the housing of inmates. Thus, the Court agrees with Judge Bryant that

Plaintiff's unlawful conditions of confinement claim against King in his official capacity should be dismissed. *See* ECF No. 227, pp. 32-33.

### D.  Claims to Which Plaintiff Did Not Specifically Object

Plaintiff did not specifically object to Judge Bryant's recommendation that the following claims against King be dismissed:  violation of the Americans with Disabilities Act, violation of the Rehabilitation Act, deliberate and reckless disregard to an imminent threat and future harm, hindrance of access to medical requests; failure to provide medical care; retaliation based on the placement of mentally ill inmates in Plaintiff's pod; failure to protect; and failure to train and supervise.  Further, Plaintiff did not specifically object to Judge Bryant's recommendation that that failure to protect claim against McCann be dismissed.[8]  After carefully reviewing the report and recommendation (ECF No. 227) as to these claims, the Court finds no clear error.  Accordingly, the Court finds that King and McCann are entitled to summary judgment with respect to these claims.

### IV.  CONCLUSION

Being well and sufficiently advised, and upon *de novo* review of all specific objections, the instant report and recommendation (ECF No. 227) is hereby **ADOPTED** for the above-stated reasons.   The summary judgment motion filed by King and McCann (ECF No. 172) is **GRANTED**, and all individual and official claims against them are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of September, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge

---

[8] Although Plaintiff states that he "objects to the R&R granting . . . McCann's Motion for Summary Judgment," this objection is not specific, and *de novo* review by the Court is not warranted. *See* ECF No. 228, p. 6.